BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874
    Facsimile: (213) 894-0141
    E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00660 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: 12/10/2025<br>Hearing Time: 9:00 a.m. |
| HECTOR ALEJANDRO GALEANO-GALINDO, | Location: Courtroom of the Hon. Anne Hwang |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files its sentencing position.

    This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

Dated: November 7, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

      /s/
_____
ROBERT K. QUEALY
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to a plea agreement between the parties, Hector Alejandro Galeano-Galindo ("defendant") pleaded guilty to simple assault of a federal officer in violation of 18 U.S.C. § 111(a)(1), a Class A misdemeanor.  See Dkt. 31 (Plea Agreement); Dkt. 37.  The United States Probation and Pretrial Services Office ("USPO") has filed a presentence investigation report (hereinafter the "PSR") calculating a total offense level of 11 and a Criminal History Category of I.  Dkt. 39.

The government respectfully recommends that defendant be sentenced to a one-year period of probation to include an 8-month period of home detention.  The government further recommends that the Court include in any sentence imposed the condition that defendant not knowingly enter or come within 100 feet of a federal building or federal law enforcement officer for an unlawful purpose.

**II.    STATEMENT OF FACTS**

The facts relevant to sentencing are accurately set forth in the PSR and Plea Agreement.  PSR ¶¶ 9-11; Dkt. 31 ¶ 10.

On July 12, 2025, defendant and a group of protesters outside the entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles, obstructed an Immigration and Customs Enforcement van as it attempted to exit the building.  Defendant approached the van with his cell phone and got within several inches of the van when FPS Officer J.D. approached the defendant to move him away.  As Officer J.D. reached out to move the defendant back, defendant intentionally assaulted Officer J.D. by swatting Officer J.D.'s arm away.

1  **III.  GUIDELINES CALCULATIONS**
2       Based on the above facts, the government calculates the
3  Guidelines as follows:
4   Base Offense Level                10              U.S.S.G. § 2A2.4(a)
5   Physical Contact                  +3              U.S.S.G. § 2A2.4(b)(1)(A)
6   Acceptance of Responsibility      -2              U.S.S.G. § 3E1.1(a)
7   Total Offense Level               11
8       Defendant is in criminal history category I.  PSR ¶ 35.  Based
9  on a total offense level of 11 and a criminal history category of I,
10 defendant's Guidelines range is 8 to 12 months incarceration and one
11 year of supervised release.  See U.S.S.G. § 5A; 18 U.S.C. §
12 3583(b)(3).
13 **IV.  GOVERNMENT'S RECOMMENDATION**
14      Defendant is in Zone B of the sentencing table.  U.S.S.G. § 5A.
15 A defendant in Zone B of the sentencing table may satisfy receive a
16 sentence of imprisonment that includes a term of supervised release
17 with a condition that substitutes community confinement or home
18 detention . . . provided that at least one month is satisfied by
19 imprisonment; or a sentence of probation that includes a condition or
20 combination of conditions that substitute intermittent confinement,
21 community confinement, or home detention for imprisonment."  U.S.S.G.
22 § 5C1.1(c).
23      The government recommends that defendant be sentenced to a one-
24 year term of probation which includes an 8-month period of home
25 detention.  The government believes the following sentencing factors
26 under 18 U.S.C. § 3553(a) support this recommendation.  First, the
27 nature of the offense is serious.  Defendant assaulted a federal
28 officer while the officer was engaged in his official duties;

2

however, the government notes that the assault occurred during a time of heightened emotions.  While the defendant has a first amendment right to protest, the defendant does not have a right to use violence.  A sentence which includes a period a home detention is appropriate deter criminal conduct, promote respect for the law, and to provide just punishment for the offense.  Second, the defendant has no prior criminal history, and his background shows that he is and has been gainfully employed and a contributing member of society. Defendant has abided by the conditions of pre-trial supervision, and his timely acceptance of responsibility suggests that he is not likely to commit further crimes.  As such, the government feels that a sentence which substitutes home detention for incarceration is appropriate in this case.

**V.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to one-year period of probation which includes an 8-month period of home detention and the condition that defendant not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a disturbance, without prior permission of Probation during the term of his sentence.